**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| WILLIAM G. BRYANT, | :: | CIVIL ACTION NO. |
| Inmate # GDC 485730, EF 340354, | :: | 1:06-CV-1919-CAP |
|     Plaintiff, | :: | |
| | :: | |
|     v. | :: | |
| | :: | |
| STATE BOARD OF PARDONS AND | :: | PRISONER CIVIL RIGHTS |
| PAROLES, Department of Offender | :: | 42 U.S.C. § 1983 |
| Rehabilitation of the State of Georgia, | :: | |
|     Defendant. | :: | |

## ORDER AND OPINION

Plaintiff, an inmate at Hancock State Prison in Sparta, Georgia, has submitted the instant pro se civil rights action. For the purpose of dismissal only, leave to proceed in forma pauperis is hereby **GRANTED**. The matter is now before the Court for a 28 U.S.C. § 1915A frivolity determination.

## I. 28 U.S.C. § 1915A Frivolity Review

Pursuant to 28 U.S.C. § 1915A, a federal court is required to conduct an initial screening of a prisoner complaint seeking redress from a governmental entity, or an officer or employee thereof, to determine whether the action (1) is frivolous, malicious, or fails to state a claim on which relief may be granted, or (2) seeks monetary relief against a defendant who is immune from such relief. A claim is frivolous when it "has little or no chance of success," i.e., when it appears "from the face of the complaint that the factual allegations are clearly baseless or that the legal theories are indisputably

meritless." Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). A complaint fails to state a claim when it appears beyond doubt that the plaintiff could prove no set of facts that would entitle him to relief. See Brower v. County of Inyo, 489 U.S. 593, 598 (1989). "[C]onclusory allegations, unwarranted deductions of facts[,] or legal conclusions masquerading as facts will not prevent dismissal." Oxford Asset Mgmt. v. Jaharis, 297 F.3d 1182, 1187-88 (11th Cir. 2002) (reviewing the dismissal of a complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim). See also Gonzales v. Wyatt, 157 F.3d 1016, 1019-20 (5th Cir. 1998) (stating that "[w]here it is clear from the face of a complaint filed *in forma pauperis* that the claims asserted are barred by the applicable statute of limitations, those claims are properly dismissed pursuant to § 1915") (internal quotations omitted) (persuasive authority affirming the frivolity dismissal, under § 1915(e)(2)(B)(I), of a time-barred § 1983 complaint); White v. Padgett, 475 F.2d 79, 82 (5th Cir. 1973) (noting that a complaint is subject to dismissal for failure to state a claim when the expiration of the limitations period, although an affirmative defense, "clearly appears on the face of the complaint").

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that a defendant's act or omission under color of state law deprived him of a right, privilege, or immunity secured by the Constitution or laws of the United States. See Hale v.

2

Tallapoosa County, 50 F.3d 1579, 1582 (11th Cir. 1995).  If a plaintiff fails to satisfy these requirements or to provide factual allegations supporting a viable cause of action, the claim is subject to dismissal.  See Chappell v. Rich, 340 F.3d 1279, 1283-84 (11th Cir. 2003) (affirming the district court's dismissal of a § 1983 complaint because plaintiffs' factual allegations were insufficient to support the alleged constitutional violation).

## II.  **Plaintiff's allegations**

In the instant complaint, Plaintiff presents the following allegations.  Plaintiff is serving concurrent 20-year sentences in state prison for unrelated manslaughter and armed robbery offenses committed in June and July 1992, respectively, to which he pled guilty in February 1995.  [Doc. 1-1 ¶ IV.][1]  In 1994, the State Board of Pardons and Paroles (the Board) adopted new policies and procedures, commonly referred to as the "Departure Policy," that greatly increased the time that an offender such as Plaintiff is required to remain in prison before becoming eligible for parole.  [Doc. 1-1 at 5-6.]  This Departure Policy was applied retroactively to Plaintiff's 1992 offenses and, later, a 90%-to-serve policy, enacted in 1998, was also applied retroactively to

---

[1]The Court adopts herein the document designations and page numbers displayed in the electronic docketing system now in use by the Clerk of Court.

Plaintiff.  As a result of these changes, Plaintiff's "initial parole eligibility hearing was retroactively increased to April 2011," instead of December 1999, which was his initial eligibility date under the parole guidelines in effect at the time of his offenses.  [Id. 7-8.]  Plaintiff states that on May 25, 2006, he filed an inmate grievance regarding these ex post facto violations, but the grievance was dismissed because it involved a non-grievable matter.  [Id. ¶ II; see id. 10-11.]  Plaintiff seeks "appropriate equitable relief," appointment of counsel, costs, and "other injunctive relief as may be proper." [Id. ¶ V; see Doc. 4 (Motion for Appointment of Counsel).]

In support of his claims, Plaintiff submits the Board's August 1995 and May 1996  determinations of his tentative parole month (TPM).  [Doc. 1-2 (Supp. Br.) at 14-16.]  In August 1995, the Board departed upward from the parole guidelines' recommendation and assigned Plaintiff a TPM of April 2008.  [Id. 14.]  In May 1996, the Board increased the upward departure by assigning Plaintiff a TPM of December 2009.  [Id. 15.]  Plaintiff's maximum release date for his 20-year sentences is April 20, 2013.  His current TPM is April 2011.  See www.dcor.state.ga.us at "Georgia Inmate Query" for GDC ID Number 485730.

4

## III.  Discussion

**A.      The proper Defendants**

The Eleventh Amendment bars a § 1983 action against a state and its agencies "regardless of whether the plaintiff seeks money damages or prospective injunctive relief." Stevens v. Gay, 864 F.2d 113, 115 (11th Cir. 1989). "A state, a state agency, and a state official sued in his official capacity are not 'persons' within the meaning of § 1983, thus damages are unavailable; but a state official sued in his official capacity is a person for purposes of § 1983 when prospective relief, including injunctive relief, is sought." Edwards v. Wallace Community College, 49 F.3d 1517, 1524 (11th Cir. 1995). Moreover, "the individual members of the Parole Board are entitled to absolute quasi-judicial immunity from a suit for damages." Fuller v. Georgia State Bd. of Pardons & Paroles, 851 F.2d 1307, 1310 (11th Cir. 1988). Accordingly, the only proper Defendants in this action are the individual members of the Parole Board, sued in their official capacities. Plaintiff, however, has sued only the Board's Department of Offender Rehabilitation. [See Doc. 1-1.] This action may not proceed against the named Defendant herein.

5

**B.**   **The statute of limitations**

"The statute of limitations for a section 1983 claim arising out of events occurring in Georgia is two years." Thigpen v. Bibb County, 223 F.3d 1231, 1243 (11th Cir. 2000). A § 1983 claim accrues, and the statute of limitations begins to run, when "the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights." Mullinax v. McElhenney, 817 F.2d 711, 716 (11th Cir. 1987). See Ashcroft v. Randel, 391 F. Supp. 2d 1214, 1219 (N.D. Ga. 2005) (Story, J.) (noting that the federal "discovery rule" governing the accrual of a § 1983 action provides that "a claim accrues when the injured party knew or should have known both (1) that he has suffered the injury that forms the basis of his complaint and (2) who inflicted that injury").

It is apparent from the face of Plaintiff's complaint and accompanying attachments that he was aware by August 1995, or by May 1996 at the latest, that the Board, in setting his TPM, had not adopted the recommendation from the parole guidelines in effect at the time of his offenses of conviction, but instead had departed upward significantly from that recommendation. Specifically, the Board informed Plaintiff that it found that "the circumstances of [his] crime(s) call for more time in prison than recommended by the guidelines system." [Doc. 1-2 at 14; see id. 16.]

6

Therefore, the facts supporting Plaintiff's challenges to the Departure Policy, namely, his alleged injury and who caused it, should have been apparent to Plaintiff no later than May 1996, more than ten years before he filed the instant action.

In fact, in Plaintiff's May 2006 administrative grievance, he stated that his "initial TPM date was retroactively increased by the Board's wholesale automatic departure policies" enacted two years after his offenses, and he listed the following "Date[s] of Incident": August 1995, May 1996, and April 2005. [Doc. 1-1 at 10; see Supp. Br. at 7-11 (stating that his May 1996 parole determination "actually revealed" the Board's unlawful policy, and the June 1999 release of his armed robbery co-defendant "clearly reveal[ed]" the retroactive change[2]); Doc 1-1 at 12.]

_____

[2]The Court notes that the 1999 parole of Plaintiff's armed robbery actually works against Plaintiff's ex post facto claims. That Board decision suggests that the Board continued to exercise discretion in its parole determinations even after the "wholesale automatic departure policies" that it allegedly adopted in 1994 and 1998, and that it declined to release Plaintiff because, given his voluntary manslaughter conviction, it considered him a greater threat to society than someone apparently convicted only of armed robbery. [See Doc. 1-2 at 16 (explaining that the Board set Plaintiff's TPM for December 2009 because his prior release "would not be compatible with the welfare of society").] See Jones v. Georgia State Bd. of Pardons & Paroles, 59 F.3d 1145, 1150 & n.10 (11th Cir. 1995) (concluding that a retroactive change in the parole guidelines, similar in effect to the alleged Departure Policy at issue here, did not violate the Ex Post Facto Clause because it did not increase "the penalty by which a crime is punishable," inasmuch as "both before and after the . . . rule change, the Board retained and *in fact exercised* virtually *unfettered* discretion to deviate both above and below the Guidelines-recommendation in setting the TPM").

7

Accordingly, Plaintiff's claims regarding the alleged implementation of the "Departure Policy" in 1994, and thereafter, are time-barred.  See Brown v. Ga. Bd. of Pardons & Paroles, 335 F.3d 1259, 1260-62 (11th Cir. 2003) (holding that the plaintiff's § 1983 action, filed in February 2002 and claiming that the Board's April 2001 decision violated his ex post facto rights, was time-barred because the Board had informed him in 1995 of the facts supporting his ex post facto claims; and rejecting the plaintiff's argument that the April 2001 decision "to delay his parole reconsideration until 2007 was either: (1) a continuing violation of his constitutional rights against Ex Post Facto laws; or (2) a separate and distinct injury from the original decision in 1995 to make the new Georgia Parole Board policy retroactive").

Moreover, despite Plaintiff's claim that the Board's April 2005 parole determination was a retroactive application of the 90%-to-serve policy that the Board adopted in 1998, [see Supp. Br. at 11-12], the Board rescinded that policy on March 10, 2005.  See www.pap.state.ga.us at "Parole Process."  Accordingly, Plaintiff's ex post facto challenge to the Board's April 2005 determination of his TPM is "clearly baseless."  See Carroll, 984 F.2d at 393.

8

## IV.  <u>Conclusion</u>

For the foregoing reasons, this Court finds that Plaintiff has failed to state a claim on which relief may be granted, and the instant complaint is hereby **DISMISSED**.  <u>See</u> 28 U.S.C. § 1915A(b)(1).  Plaintiff's motion for appointment of counsel [Doc. 4] is **DENIED AS MOOT**.

**IT IS SO ORDERED** this 31st day of August, 2006.


<u>/s/ Charles A. Pannell, Jr.</u>
CHARLES A. PANNELL, JR.
UNITED STATES DISTRICT JUDGE

9